56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Robert E. COTNER, Plaintiff-Appellant,
v.
Tim WEST; Jack Cowley; and Larry Meachum, Defendants-Appellees.
 No. 95-5027.
 United States Court of Appeals, Tenth Circuit.
 June 2, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 Mr. Cotner is an Oklahoma inmate and a pro se litigant.
 
 
 3
 This case has a tortured and lengthy history. It was commenced in 1984. Originally, Mr. Cotner alleged retaliation by prison officials for Mr. Cotner's exercise of various constitutional rights and petitioned for habeas corpus. Over the years, additional allegations were added based upon newly discovered evidence. The record on appeal is over one foot thick. This action was ultimately dismissed with prejudice in 1988.
 
 
 4
 The present controversy commenced in 1994 when Mr. Cotner petitioned to reopen the case. The trial court, upon objection by defendants, denied Mr. Cotner's petition. The trial court then concluded this appeal was not taken in good faith and denied Mr. Cotner permission to proceed in forma pauperis.
 
 
 5
 Mr. Cotner first seeks permission to appeal in forma pauperis. We grant this permission solely because we must reach the merits of this appeal to determine whether to grant permission to appeal in forma pauperis. Having done this, we affirm the decision of the trial court.
 
 
 6
 Mr. Cotner appeals the trial court's denial of his motion to reopen as he was deprived of his due process rights when the case was originally dismissed in 1988.
 
 
 7
 Construing Mr. Cotner's pleadings liberally, as we must, we conclude he is seeking relief from the court's 1988 final judgment dismissing his claims with prejudice. Fed.R.Civ.P. 60(b) is the proper method to accomplish what Mr. Cotner desires. This rule allows the trial court ("the court may relieve a party ... from a final judgment") the discretion to relieve parties of past orders or judgments for six reasons. None of the first five reasons is applicable. The sixth reason is "any other reason justifying relief from the operation of the judgment." However, this rule also requires that "[t]he motion shall be made within a reasonable time." As this rule gives the trial court discretion to relieve the parties from a final judgment, we review the trial court's decision for abuse of discretion.
 
 
 8
 Mr. Cotner has shown no acceptable reason for waiting nearly seven years to attack this judgment. We cannot say the district court abused its discretion in denying Mr. Cotner's motion to reopen this case. The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470